IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> SHAQUAN BROWN | CRIMINAL NO. 20-260-1 |

## ORDER

**AND NOW,** this 29th day of July 2022, upon consideration of the Motion to Appoint Defendant as Co-Counsel [Doc. No. 154] and Motion to Dismiss for Violation of the Speedy Trial Act [Doc. No. 153], which were both transmitted to the Court by Defendant Shaquan Brown on his own behalf and not filed of record by counsel, it is hereby **ORDERED** that:

1. Defendant Shaquan Brown's Motion to Appoint Defendant as Co-Counsel [Doc. No. 154] is **DENIED**.[1]

---

[1] "[T]here is no constitutional right to hybrid representation." *United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009); *see also United States v. Schwyhart*, 123 F. App'x 62, 68 (3d Cir. 2005) (same); *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (same). "The decision to allow hybrid representation lies entirely within the sound discretion of the district court." *United States v. Humbert*, No. 04-506-1, 2006 WL 2818477, at *1 (E.D. Pa. Sept. 28, 2006).

Defendant argues that this hybrid representation is necessary because (1) "Defendant constantly files his own motions," (2) Defendant "has complex factual based arguments that take an excessive amount of time to explain to counsel," and (3) "Counsel has a heavy caseload and the Defendant can assist by taking on minor tasks to save counsel time." Def.'s Mot. Appoint Def. Co-Counsel at 1.

The complexity of any arguments Defendant seeks to present does not support Defendant's case; one of the primary reasons courts decline to approve hybrid representation is that there is a high potential for confusion, disagreement, and legal error in such representation. *See, e.g.*, *United States v. Clayton*, No. CR 18-524, 2022 WL 2651848, at *3 (E.D. Pa. July 8, 2022) (describing confusion and delay caused by hybrid representation); *Humbert*, 2006 WL 2818477, at *1 (noting that the confusion caused by joint representation "has the potential to negatively affect Defendant's trial.").

Defendant is currently well-represented in this matter by Mira Baylson, Esq., and there is ample time for Defendant to consult with his attorney before the next stage of this case. Ms. Baylson has already filed and argued multiple motions in this case on Defendant's behalf, and has vigorously litigated his defense. Where a defendant is represented by competent counsel, is not themselves an experienced attorney, and has ample time before a trial to consult with their attorney, it is appropriate to deny hybrid representation. *See United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987); *United States v. Green*, 388 F.3d 918, 923 (6th Cir. 2004); *United States v. Kosmel*, 272 F.3d 501, 506 (7th Cir. 2001).

2. Defendant Shaquan Brown's Motion to Dismiss for Violation of the Speedy Trial Act [Doc. No. 153] is **DISMISSED**, as the Court will not consider a *pro se* motion when Defendant is represented by counsel. Defendant's filing is referred to Defendant's counsel, Mira Baylson, Esq., for appropriate action.

It is so **ORDERED.**

                                               **BY THE COURT:**

                                               /s/ Cynthia M. Rufe

                                               _____
                                             **CYNTHIA M. RUFE, J.**